UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Chuck Wyatt,** | ) | CASE NO. 1: 20 CV 1602 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Woods on French Creek,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Background**

*Pro se* plaintiff Chuck Wyatt has filed an *in forma pauperis* civil complaint in this case against "The Woods on French Creek a Rehab Center" ("French Creek"). (Doc. No. 1.) In his complaint, he complains about the care he received at French Creek between August 2018 and February 2020. First, he complains he was not given antibiotics he requested for pneumonia, disputing the assessment of the doctor and nurse at French Creek that his X-ray did not show pneumonia. (*Id.* at 1.) He also complains he was not given treatment for "COPD asthma." (*Id.* at 2.)

The only claim he asserts on the face of his complaint is a claim for "medical malpractice," and he seeks $1 million in damages. (*Id.* at 3.)

**Standard of Review**

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim on which relief may be granted for purposes of § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

**Analysis**

Upon review, the Court finds that the plaintiff's complaint must be dismissed. Even liberally construed, it fails to allege any plausible claim for relief over which the Court has jurisdiction.

First, the plaintiff has not alleged a plausible federal claim under 42 U.S.C. § 1983, which provides a remedy for constitutional violations committed by persons acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-established that § 1983 does not create a cause of action against a private actor "'no matter how . . . wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 50 (1999)). Private hospitals and their employees are generally not considered state actors under § 1983. *Bryant Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997). The plaintiff's complaint does not allege, or contain allegations plausibly suggesting, that the defendant engaged in state action for purposes of a claim under § 1983 regarding his medical care. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (in order to for a private actor to be subject to liability under § 1983, a plaintiff must demonstrate that the actor engaged in conduct that is "fairly attributable to the state").

Second, the Court does not have jurisdiction to hear the plaintiff's state-law medical malpractice claim. Under the diversity-of-citizenship statute, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The plaintiff's pleadings do not indicate diversity of citizenship. Rather, on their face, the plaintiff's pleadings indicate that he and the defendant are both citizens of the same state, Ohio. Consequently, the plaintiff cannot bring a state-law medical malpractice claim in this Court by way of the federal diversity statute.

**Conclusion**

Accordingly, the plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).[1] The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/29/20

---

[1] The dismissal is without prejudice to any claims the plaintiff may properly bring in a state court.